Good morning, ladies and gentlemen. The first case we're arguing about this morning is United States against Ferguson. Mr Brennan. May it please the court. My name is Bo Brindley and I represent defendant appellant Terry Ferguson. Following this submission of Mr Ferguson's section 22 55 petition, the district court indicated that it did not know about the conflict of interest issue in the investigation of counsel prior to the sentencing in the case. However, as we indicated in our brief at the time that the motion to dismiss was filed before the guilty plea, the district court was explicitly told about the efforts of the agent to obtain cooperation information against the lawyer from Mr Ferguson. That created a reason to know for the court that there was, in fact, a conflict of interest situation. It is hard to imagine a more clear conflict of interest problem than an attempt to obtain active cooperation against the lawyer by the client. And in the face of an actual conflict of interest where there's a reason for the court to know prejudice is presumed pursuant to the case law. Under the circumstances here, given that the court was made aware explicitly, not just with the attachment of the exhibit, which happened way earlier in the motion to suppress, but with explicit reference to the attempt to interfere with counsel and the relationship between counsel and Ferguson and the effort to obtain incriminating information about the lawyer. That is the textbook situation where the lawyer is in a position where it is in this instance truly not plausible for him to provide all of the possible avenues to the defendant. Primarily, we could not tell Mr Ferguson about the possibility of cooperation with the government in any meaningful way because it was clear that that cooperation effort, although it may have been fruitless, it may have been completely ill intended. But whatever the reason, Mr Ferguson through a different lawyer would certainly have asked about cooperation that did not happen. And in the absence of that, that simple step, when you know that there's a reason to believe that there is a person against whom the defendant can cooperate, a lawyer that is not in the position of a lawyer who is whose cooperation is being sought against is going to pursue that. That did not happen for Mr Ferguson. The district court knew about it before his guilty plea. Prejudice should be presumed. Mr Brindley. Uh, at the time, Mr Ferguson was asked at his initial arrest about you. Yes, you were not yet representing him in this matter. Of course, is that right? I was not because no one was, of course. Uh, but then he hired you after that. Is that right? Immediately upon arrest. However, Mr Ferguson hired you knowing, of course, already that at his arrest in this case, law enforcement had asked him about potential cooperation with respect to you. He was aware of it at the time I entered my appearance on the case. Yes. And when did you learn about that October 2018 conversation? Whenever we first I didn't tell you the date, but it's whenever we were first obtained the report in which agent lab no solicited Ferguson to provide information about me. So sometime, you know, 2019 before you filed it in before you made the filing you were talking about before. I take it that yes, before the motion to dismiss where we actively advocated about lab knows conduct and about the efforts to obtain cooperation against the attorney who they knew to be. I write about it in the report, and Judge Kennelly found their claims to not know what the sentencing to be a bit incredible as he found a number of claims made by the agents at sentencing to be incredible on gave a huge reduction in sentence because of that in large part. But when they claim not to know that Ferguson and I had a longstanding attorney client relationship that rang pretty hollow, given that both of them had referred in separate reports to getting information about Ferguson's lawyer. So it was it was a well known fact to the agents investigating Ferguson and something that is a fact in general as came out of this could, of course, still cooperate. But I take it he still doesn't want to. At this point in time, I couldn't speak to Mr Ferguson's desires today. Uh, that I don't know. In terms of cooperation. Um, the problem is, of course, under the case law, as I read it under the case law, when the court had reason to know that this was an option, that the there was an effort to cooperate against counsel coming from law enforcement and Mr Ferguson getting with the proper colloquy, the reversal is required. And even even if even if we didn't go with the per se reversal that the case law suggests in this instance, there's a clear adverse impact, given that there wasn't. And really, all you have to do adverse impact to show there was an avenue, reasonable avenue that was not pursued. And in this instance, cooperation was such an avenue, and there's no way to cure that. After the fact, he wasn't told before he pled guilty that this is a possibility. You could get independent counsel that might want to do this. That was not discussed. He has been told those things now, though, and he's continued to choose to have you represent him in all these matters. Is that right? He's she chose to have a representative only in this matter and on the appeal and nothing else where we're dealing with the record and these facts which we are familiar. Those were the only things and and the effort to cooperate. If I remember correctly, that particular thing was not raised in the colloquy about waiver of potential conflict for these purposes. Only it was only for purposes of the appeal. Here we're looking at a cold record and the 22 55, where we again are looking at what happened. Um, it's not his 22 55 does not introduce additional evidence of any kind. So it's just a significant waiver at that time cannot relate back and cure the problem because at the time he pled guilty any defendant at the time they plead guilty. If there's an avenue for a better plea that just cannot be pursued by the lawyer and the judge has reason to know it's a problem. He had the motion to dismiss was filed shortly before the guilty plea, and the judge had had the opportunity to read that they were trying to get cooperation against me by the client. And however angry that might make me, however, ill founded, I believe that was and out of I'm not gonna comment on that further. But regardless of that, Mr Ferguson, at that point, pursuant to the case law, needed an advisal so he could have met with independent council and they could say, you know, under cooperation, you could get a third off or whatever. Uh, even if just providing historical information, you can still get time off. That didn't happen. And under the circumstances and under the case law, given the unique circumstances of this case, I think that and we would ask that reversal be the only option. And with that, I'll reserve the balance of my time. Thank you for the council.  He's gonna make and please the court ever gonna meet you on behalf of the United States defended in this case engaged in a three year crime spree involving, among other things, cocaine distribution and the trafficking and stolen firearms. And after five years of vigorous litigation conducted by the able and experienced attorney, he chose, knowing that law enforcement desired to have him cooperate against the attorney. He played guilty on extremely favorable terms and received a sentence of close to 1.5 off the low end of the applicable guidelines range. The district court properly denied defendant's motion to dismiss the indictment and also his 22 55 petition, which was grounded on a conflict of interest between him and his lawyer. The defendant did not show as a district court correctly held that there was an actual conflict at the time of his guilty plea or his sentencing that resulted in an adverse effect on council's performance. And the district court also correctly held that the defendant had not made him aware, and he was not aware of the conflict. Contrary to the contention of the defendant's motion for to dismiss upon which he relies, did did refer to questioning by the by the agents at the time of the defendant's arrest, but it made no mention of any potential conflict. And it's interesting that counsel regards and describes that conflict as being about the most obvious and severe as one could imagine, given that he himself represented to the court that he did not see it that way when he learned that early in the litigation. Instead, he did not view that questioning as suggesting the existence of an ongoing investigation, but rather as basically a fishing expedition by a somewhat rogue agent. So the defendant has not shown in any way that the that defense counsel and the defendant were well aware of at the time of counsel's retention at the time of the inception of the case and throughout the five years of litigation that followed the with respect to the waiver relating back. We agree that a waiver of this nature would not relate back to the beginning. But that doesn't matter because as we just as I just said, the waiver was actually made at the time of the defense counsel's retention of counsel. And of course, the fact that counsel did not himself or counsel has not said anything about his communications with his client. This is reasonable and appropriate, of course, regarding the conflict. But there's no indication in the record that the idea of a conflict was considered or discussed by the defense early on, which is really further evidence that there was not an obvious conduct or conflict, certainly not obvious enough to require the district court to sue Esponte, conduct a colloquy with the defendant and give him another opportunity to choose another lawyer. And Judge Tableson, as you mentioned, the fact is that the defendant, knowing everything, knowing about the conflict, has chosen to retain the same attorney, um, to handle his his appearance, his appeal and his 22 55 motion. And the district court found that there was no reason to believe that the result would have been any different, um, had that colloquy be conducted earlier. And the record, of course, has no basis for knowing that. Um, so unless the court has further questioning of me regarding any of the other issues presented in the briefs, um, we will just ask that this court affirmed the district court's judgment. Thank you, Counsel. Anything further, Mr Brenda? Yes, sir.  As as they did in their brief in the remarks a moment ago, government counsel seemed to place the onus somehow on Mr Ferguson to make the determination about whether or not the complexities and niceties of conflict and whether or not he should proceed with counsel. As this court has noted, uh, that is not a defendant is not in a position to do that. A defendant does not know what the legal ramifications of conflict of interest are or the niceties of cooperation and what that can do. A defendant cannot be tasked with knowing that and figuring that out on his own. And I don't believe that cooperation pieces I indicated was even addressed in the comic. We regarding this, uh, the waiver for the appeal as we were only addressing what would happen here, which is an appeal based on the record as it was. Uh, the other thing that government counsel suggests is it should be on the onus is on the counsel for the defendant to somehow raise the conflict. And when this conflict is of this sort, we're talking about cooperation against counsel. I think the case law has been cleared. Defense counsel is not in a position to do it either. That is why they the court, when it has reason to know, is required to do the colloquy. And that is why, in most instances, and it's questionable why it didn't happen here. The government raises this issue. And, in fact, there was a companion obstruction of justice case where the government raised the conflict of interest issue, and I was disqualified by Judge Lord. But on this case, they did not under these facts. And so when you take a look at it in its totality, there is no question when the defendant is asked to cooperate against the lawyer. That's a conflict when the defendant isn't told that cooperation plea can be pursued by someone in objective position to tell him that that's an adverse impact. And regardless of whether it's a potential or an actual conflict, however you characterize it, that adverse impact happened in this case. And if the criticism is failure to raise the conflict, then that criticism is also ineffective. Thank you, Your Honor. The case is taken under advisement.